[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: (#173) MOTION TO STRIKE
The Defendant, Surgical Associates of Western Connecticut P.C., asserts that the Plaintiffs have not properly pled vicarious liability on the part of the corporate defendant, Surgical Associates of Western Connecticut P.C., in Counts 7 and 8 of the Fifth Revised Complaint (#158). Rather, claims the Defendant, Surgical Associates of Western Connecticut P.C., Counts 7 and 8 ". . . allege direct independent acts of the professional corporation."
The Plaintiffs counter that they have, in the said Counts 7 and 8, asserted that "the physicians involved in the care of the Plaintiffs decedent were "agents, servants, and/or employees of the Defendant Surgical Associates, P.C." and that the language of said Counts properly sets forth a claim of vicarious liability.
In its brief in support of the Motion to Strike the Defendant has itself acknowledged that a corporation can only act through an agent, servant or employee . . . it cannot act independent of its employees."
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . . The court must construe the facts in CT Page 13654 the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Waters v. Autuori, 236 Conn. 820, 825-26 (1996). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985).
The Court has reviewed those portions of the Revised Complaint that the Defendant, Surgical Associates of Western Connecticut P.C., seeks to have stricken. The Court has further considered the arguments of counsel both at the hearing on this Motion and in their respective briefs. Applying the law as set forth herein and construing the facts as pled in the light most favorable to the plaintiff this Court finds that the Defendant, Surgical Associates of Western Connecticut P.C., cannot prevail on its claim.
Accordingly, the Motion to Strike (#173) is denied and the Objection thereto (#180) is sustained.
By agreement of the parties, the ruling as set forth herein shall apply to the Amended Complaint that has been filed by the Plaintiffs in this matter (#181) under date of October 12, 2000. It is also noted by the Court that in filing its said Amended Complaint (#181) the Plaintiffs have withdrawn therefrom Count #9 (loss of consortium claim of Nina L. DiMantova). There is, accordingly, no need for this Court to rule upon the Defendant, Surgical Associates of Western Connecticut P.C., Motion to Strike Count 9 of the Complaint.
Carroll, J.